UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACINTO SANCHEZ,<br><br>    Petitioner,<br><br>    v.<br><br>L. BIRD,<br><br>    Respondent. | Case No. 22-cv-09106-HSG<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE PETITION ON FORM; DENYING REQUEST FOR APPOINTMENT OF COUNSEL; DENYING AS MOOT REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. Nos. 1, 2 |

On December 27, 2022, the Court received from Petitioner and docketed (1) a motion for appointment of counsel in a federal habeas case, Dkt. No. 2, and (2) a motion for leave to proceed *in forma pauperis*, Dkt. No. 1. Because Petitioner sought appointment of counsel for a federal habeas petition and he did not have a habeas action pending in this Court, the Court opened a new habeas action. The Court sent Petitioner deficiency notices, informing him that the action was deficient because he had not filed a habeas petition, Dkt. No. 4, and that his *in forma pauperis* application was deficient because he did not submit the proper form, Dkt. No. 5. Petitioner was instructed to remedy these deficiencies by January 24, 2023, or this action would be dismissed. Dkt. Nos. 4, 5. Petitioner has since paid the filing fee, Dkt. No. 7, but has not yet filed a petition. For the reasons set forth below, the Court DENIES Petitioner's request for appointment of counsel, Dkt. No. 1; DENIES as moot Petitioner's request to proceed *in forma pauperis*, Dkt. No. 2; and *sua sponte* GRANTS Petitioner an extension of time to March 10, 2023, to file a habeas petition on the proper form.

//

//

**DISCUSSION**

**I.   Request for Appointment of Counsel**

Petitioner has requested appointment of counsel to assist him in preparing and filing a federal habeas corpus petition. Dkt. No. 1. Petitioner states that he lacks the financial resources to retain counsel. He argues that appointment of counsel is appropriate because the case involves substantial and complex procedural, legal, or mixed legal and factual questions; he is a layman of the law; this case requires professional and legal representation to present a proper motion for the appellate court; a fully well prepared petition requires counsel; he is unable to understand English and therefore cannot fully comprehend how to present his case; the case requires expert testimony from crime scene experts, criminology experts, gun and ballistic experts, and DNA experts; the case involves disputed facts; and Petitioner is innocent.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

Petitioner's conclusory allegations that he falls within the exceptions detailed above do not

demonstrate exceptional circumstances. For example, because Petitioner has not stated any federal habeas claims, the Court cannot assess whether any such claims would be complex or whether there are disputed facts. The Court DENIES Petitioner's request for appointment of counsel without prejudice to *sua sponte* appointing counsel should the circumstances so require. Dkt. No. 1.

**II.     Granting Extension of Time to File Petition**

This action cannot proceed without a petition that sets forth cognizable claims for federal habeas relief. In the interest of justice, the Court *sua sponte* GRANTS Petitioner an extension of time to March 10, 2023, to file a habeas petition on the proper form. If Petitioner fails to file a petition within the time provided in this order, this action may be dismissed without further notice to Petitioner for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases). The Clerk shall send Petitioner two copies of Court's habeas petition form.

## CONCLUSION

For the reasons set forth below, the Court ORDERS as follows.

1.    The Court DENIES Petitioner's request for appointment of counsel without prejudice to *sua sponte* appointing counsel should the circumstances so require. Dkt. No. 1.

2.    The Court *sua sponte* GRANTS Petitioner an extension of time to March 10, 2023, to file a habeas petition on the proper form. If Petitioner fails to file a petition within the time provided in this order, this action may be dismissed without further notice to Petitioner for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases). The Clerk shall send Petitioner two copies of Court's habeas petition form.

3.    The Court DENIES as moot Petitioner's request to proceed *in forma pauperis*. Dkt. No. 2. Petitioner has paid the filing fee. Dkt. No. 7.

//

//

//

1     This order terminates Dkt. Nos. 1 and 2.

2     **IT IS SO ORDERED.**

3 Dated: 2/7/2023

_Haywood S. Gilliam, Jr._
HAYWOOD S. GILLIAM, JR.
United States District Judge